Peter M. Pearl, Esquire (VSB #22344)
Bryson J. Hunter (VSB #46988)
Spilman Thomas & Battle, PLLC
P. O. Box 90
Roanoke, Virginia 24002
Telephone: (540) 512-1832
Facsimile: (540) 342-4480
ppearl@spilmanlaw.com

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **In re:** | **Chapter 11 (Subchapter V)** |
| **MARCANTONIO W. BARNES,** | **Case No. 23-11190** |
| **Debtor**. | |

**NOTICE OF DEFAULT DATED MAY 9, 2025 (Class G)**

Carter Bank & Trust (the "Bank") does hereby provide this notice of default under the terms of the Amended Plan of Reorganization for Small Business Under Chapter 11 filed April 8, 2024 (the "Plan") and the Order Confirming Plan entered May 17, 2024 (the "Confirmation Order"). The Plan became effective on June 1, 2024. The Plan contemplates 84 monthly payments to the Bank to commence after the Effective Date of the Plan, based on a thirty-year amortization schedule at 8.5%, with a balloon payment on the seventh anniversary of the Effective Date or June 1, 2031. Payments under the Plan are to be made on the first day of each month in the amount of $17,598.83. The Debtor failed to make the payments due on March 1, 2025, April 1, 2025, and May 1, 2025 (the "Bank Loan Default"). Under the default terms of the loan documents by and between the Debtor and the Bank, which govern pursuant to the terms of the Confirmation Order, the Bank Loan Default must be cured within thirty (30) days of the mailing of this Notice (the "Cure Period"). During the Cure Period, an additional monthly payment will come due to the Bank (the "June Payment").

On or before June 8, 2025, you must cure the Bank Loan Default. In addition, the June Payment must be timely made. In the event the Bank Loan Default is not cured within the Cure Period, the remaining principal due under the Plan to the Bank shall be deemed to be accelerated and fully due and owing and the Bank shall proceed to enforce its rights.

The foregoing is no way intended to be a complete list of all events, which constitute an event of default under the Plan or the Confirmation Order. The exercise by the Bank of any of its rights and remedies under the Plan, the Confirmation Order, its Loan Documents or under applicable law, shall not be deemed a waiver of or preclude the exercise of any other of its rights and remedies under such agreements, instruments or documents or any rights and remedies which

the Bank may have at law, in equity, by agreement or otherwise.  The Bank hereby expressly reserves unto itself any and all such rights and remedies.

Dated May 9, 2025                      Respectfully submitted,

CARTER BANK & TRUST

By: /s/Peter M. Pearl
    Of Counsel

Peter M. Pearl, Esquire (VSB #22344)
Bryson J. Hunter (VSB #46988)
Spilman Thomas & Battle, PLLC
P. O. Box 90
Roanoke, Virginia 24002-0090
Telephone: (540) 512-1832
Facsimile: (540) 342-4480
ppearl@spilmanlaw.com

Document      Page 3 of 3

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 9th day of May, 2025, a true and correct copy of the foregoing was delivered by electronic means to all parties who receive notice in this case pursuant to the Court's CM/ECF system, and by first-class mail, postage pre-paid, electronic mail, or overnight delivery to:

Daniel Press, Esq.
Chung & Press, P.C.
6718 Whittier Avenue, St. 200
McLean, VA 22101
dpress@chung-press.com
 *Counsel to the Debtor* (*via Electronic Mail*)

Marcantonio W. Barnes
10367 Gershwin Court
Oakton, VA 22124

Marcantonio W. Barnes
10590 Beach Mill Road
Great Falls, VA 22066
(*via Overnight Mail with Delivery Confirmation*)

Jack Frankel, Esq.
Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

              /s/ Peter M. Pearl
                Counsel