**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

---------------------------------------------------------------X
In re:                                              :        Chapter 11 (Subchapter V)
                                                    :
**Marcantonio W. Barnes**                           :        No. 23-11190-KHK
    Debtor.                       :
                                                    :
---------------------------------------------------------------X

**RESPONSE OF DEBTOR TO MOTION TO CONVERT OR DISMISS**

NOW COMES Marcantonio Barnes, reorganized Debtor, through counsel, and responds to the Motion to Convert or Dismiss filed by Newtek as follows:

1. The Debtor's Plan [Doc. #100] was consensually confirmed pursuant to 11 U.S.C. § 1191(a) on May 17, 2024. [Doc. #112].

2. The remedy for the default on the Newtek claim is provided in the Newtek loan documents and in the plan, which provides in Exh. G:

> Except as specifically provided in this Plan, the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under Virginia law. To the extent a creditor retains a lien under the Plan, except as provided in this Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

Exhibit C, Class H provides "The Newtek Loan Documents shall remain unaltered and shall remain in full force and effect.

Accordingly, Newtek's remedies are spelled out in the loan documents, and do not include conversion or dismissal of this case.

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

    2.      Furthermore, the Plan provides in Exhibit E, ¶ B,

> If the Debtor is unable for any reason to make the payments required by this Plan, Debtor may sell or refinance the Beach Mill property, satisfying the Class F and G claim(s) secured by such property in full or in part therefrom, and shall apply any net proceeds to any missed payments due under the Plan, and then to unpaid administrative expenses, priority tax claims, and any unpaid Class L claims until paid in full, in that order.

This provision, again, provides for what should happen in the event of a default in payments, and Debtor will proceed accordingly.

    3.      Where an alternative remedy is provided for in the plan, dismissal or conversion is inappropriate.  *Matter of Howe*, 913 F.2d 1138, 1149 (5th Cir. 1990).  The same is true where, as here, alternative remedies exist.  *In re Jankins*, 184 B.R. 488, 494 (Bankr. E.D. Va. 1995).   And that is particularly true here where all assets have revested in the Debtor, there would be no assets available for a trustee to administer, there would be no new automatic stay, and there would accordingly be no benefit to creditors to conversion of the case.  *In re TSP Industries, Inc.* 117 B.R. 375 (Bankr. N.D. Ill. 1990).

    WHEREFORE, the Debtor respectfully requests that the Motion to Convert or Dismiss be denied.

    Dated:   May 30, 2025.

Respectfully submitted,

 /s/ Daniel M. Press
Daniel M. Press, VSB 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
Counsel for Debtor

2

**CERTIFICATE OF SERVICE**

      This is to certify that on this 30th day of May, 2025, I caused to be served the foregoing document upon counsel for Movant, the U.S. Trustee, and all parties receiving such notice, by CM/ECF.

      /s/ Daniel M. Press
Daniel M. Press, VSB 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com