UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

```
------------------------------------------------------------X
In re:                                          :    Chapter 11 (Subchapter V)
                                                :
Marcantonio W. Barnes                           :    No. 23-11190-KHK
        Debtor.                                 :
                                                :
------------------------------------------------------------X
```

## MOTION TO RECONSIDER ORDER DISMISSING CASE

**Marcantonio W. Barnes**, debtor-in-possession (the "Debtor"), and respectfully moves pursuant to Bankr. R. 9023/FRCP 59 for an Order reconsidering, altering and amending the Court's Order dismissing this case.

1. **Background.** Debtor commenced this case under Subchapter V of Chapter 11 on July 25, 2023. Debtor has continued in the possession of his property as debtor-in-possession pursuant to the Bankruptcy Code. Debtor's Plan, which proposed repayment of creditors at 100% was confirmed on May 17, 2024, and a discharge was subsequently entered. Debtor performed his plan until he lost his employment. Debtor's inability to complete his Chapter 11 plan was exclusively attributable to circumstances beyond debtor's control. Debtor was performing under the plan prior to his loss of employment. The Court stated during the hearing on creditor's motion to convert or dismiss that debtor "wants to renege" on his promise to pay under the plan, but the circumstances that led to Debtor's request to convert the case were neither expected nor reasonably within his control. Instead, Debtor's request to convert the case is exclusively a consequence of the Debtor's loss of income due to global political and economic circumstances beyond his control. The loss of income was unintentional and marks a significant change to the underlying basis of the plan, making it impossible to uphold certain aspects of the

Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
Counsel for Debtor

plan. Debtor's request to convert the case to Ch.7 is a remedy that debtor is pursuing as a last resort, only after first exhausting all possible efforts and resources to pay both secured and unsecured creditors 100% of their claims under the plan.

2.  **Debtor had a Right to Convert.** Prior to consideration of the Motion to Dismiss or Convert filed by Newtek Small Business Finance, the Debtor made an oral motion to convert the case to Chapter 7. The Court denied that motion because the Debtor was not a debtor in possession, but instead is a post-confirmation debtor. That was error. Section 1182(2) of the Bankruptcy Code provides that "The term 'debtor in possession' means the debtor, unless removed as debtor in possession under section 1185(a) of this title." Debtor was never removed as Debtor in Possession under that section, which itself makes clear that the term applies both before or after confirmation: "On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case, *or for failure to perform the obligations of the debtor under a plan confirmed under this subchapter.*" (emphasis added). Similarly, Section 1101(1) of the Code (which does not apply in Subchapter V, but is instructive here) provides that "'debtor in possession' means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case." Thus, a Debtor remains a Debtor in Possession after confirmation, for as long as he remains a Debtor,[1] unless those exceptions apply (which they do not here). As stated in *Abbott v. Blackwelder Furniture Co.*, 33 B.R. 399, 401 (W.D.N.C. 1983):

> Second, the Plaintiffs maintain that at the time of conversion Blackwelders was not a debtor in possession as defined by the Code, so as to permit conversion. "Debtor in possession" is defined in 11 U.S.C. § 1101(1) as the "debtor except when a person that has qualified under Section 322 of this title is serving as trustee in the case." "Trustee" refers to a "trustee in possession," an operating trustee appointed after the commencement of a Chapter 11 case, but prior to the confirmation of a Reorganization Plan. 11 U.S.C. §

---

[1] § 101(13):"The term 'debtor' means person or municipality concerning which a case under this title has been commenced."

>1104. In the case at bar, conversion occurred after confirmation; no such "trustee in possession" was created. Therefore, by statutory definition, the debtor was a "debtor in possession." 11 U.S.C. § 1101(1).
>
>Congress provided the Chapter 11 debtor with the absolute right to accomplish voluntary conversion to a Chapter 7 liquidation without Court approval. 11 U.S.C. § 1112. *See also*, H.R.Rep. No. 95-595, 95th Congress, 1st Sess. 405 (1977); S.Rep. No. 95-989, 95th Congress, 2d Sess. 117 (1978), U.S. Code Cong. & Admin.News, p. 5787.

As such, the Court should have granted Debtor's Motion to Convert, which would have mooted the creditor's motion to convert or dismiss.

3. **Conversion is in the Best Interests of Creditors and the Estate.** Conversion rather than dismissal would also have best served the interests of the creditors and the estate, the standard for choosing between them under § 1112(b). The Court heard only from secured creditors who wanted to foreclose – but even there, they would have been better off converting because they already had relief from the stay (or the plan injunction) due to their uncured notices of default. But unsecured creditors including the IRS would have been better off with a conversion and a Chapter 7 Trustee administering assets, rather than forcing them to a race to the courthouse. While it was argued that there are no assets remaining in the Chapter 7 estate because they vested in the Debtor upon confirmation, there is also plenty of authority that such assets remain or revest in the estate upon conversion. *See e.g. In re Consolidated Pioneer Mortg. Entities,* 264 F. 3d 803, 807-808 (9th Cir. 2001); *Abbott v. Blackwelder Furniture Co.*, 33 BR 399 (W.D.N.C. 1983); *In re Midway, Inc.*, 166 BR 585, 591 (Bankr. D.N.J. 1994). Debtor will not contest this interpretation of the Code once the case is converted. As such, the estate is available to be administered in Chapter 7. And the estate is not devoid of assets. The house may generate a surplus when sold, and the pending litigation against Monarch has a current claim value of $320,000 and an estimated settlement value of at least $160,000.[2]

4. Accordingly, this case should have been converted rather than dismissed, and the Debtor respectfully requests that the Court enter an Order reconsidering, altering and amending

---

[2] If converted before July 25, 2025, avoidance claims will also be property of the Chapter 7 estate, including payments to Newtek in the event the house does not satisfy its claim, leaving it partially or wholly unsecured (which is NOT a legitimate basis for an assertion that conversion is not in the best interests of creditors as a whole).

its order of dismissal, and instead order conversion of this case to a case under Chapter 7.

Dated: July 9, 2025.

Respectfully submitted,

  /s/ Daniel M. Press
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
Counsel for Debtor

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of July, 2025, I caused the foregoing document to be served by CM/ECF upon upon the United States Trustee, the Subchapter V Trustee, and all parties who have requested such notice, and upon all creditors on the attached matrix.

  /s/ Daniel M. Press

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-1<br>Case 23-11190-KHK<br>Eastern District of Virginia<br>Alexandria<br>Wed Jul  9 17:32:33 EDT 2025 | Carter Bank & Trust<br>c/o Bryson J. Hunter, Esq.<br>Spilman Thomas & Battle, PLLC<br>P.O. Box 90<br>Roanoke, VA 24002-0090 | Nationstar Mortgage LLC<br>8100 Three Chopt Rd., Suite 240<br>Richmond, VA 23229-4833 |
| Nationstar Mortgage LLC<br>Robertson, Anschutz, Schneid, Crane<br>13010 Morris Road, Suite 450<br>Alpharetta, GA 30004-2001 | Newtek Small Business Finance, LLC<br>c/o Michael A. Condyles, Esq.<br>Kutak Rock LLP<br>901 East Byrd Street<br>Suite 1000<br>Richmond, VA 23219-4071 | Oak Manor Homeowners Association<br>c/o Chadwick, Washington, et al.<br>3201 Jermantown Rd.<br>Suite 600<br>Fairfax, VA 22030-2879 |
| United States of America<br>USAO EDVA<br>2100 Jamieson Avenue<br>Alexandria, va 22314-5702 | Witt & Co., LLC<br>c/o Vivona Pandurangi, PLC<br>601 King Street<br>Ste 400<br>Alexandria, VA 22314-3151 | United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314-5405 |
| American Express<br>PO Box 297871<br>Fort Lauderdale, FL 33329-7871 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | Camba LLC<br>12647 Belleflower Lane<br>Fredericksburg, VA 22407-6614 |
| Capital One N.A.<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | (p)CARTER BANK AND TRUST<br>ATTN SUSAN MOORE<br>320 COLLEGE DRIVE<br>MARTINSVILLE VA 24112-6746 | Carter Bank & Trust<br>Spilman Thomas & Battle, PLLC<br>310 First Street, Suite 1100<br>Roanoke, VA 24011-1916 |
| Citibank NA<br>PO Box 6241<br>Sioux Falls, SD 57117-6241 | Fairfax County<br>Office of the County Attorney<br>12000 Govt. Center Parkway, Suite 549<br>Fairfax, VA 22035 | Fairfax County Department of Tax Administrat<br>12000 Government Center Pkwy<br>Fairfax, VA 22035-0002 |
| Fayez Goriup McRae PLLC<br>4084 University Drive Suite 208<br>Fairfax, VA 22030-6803 | German Kitchen Center<br>1010 Wisconsin Avenue, NW Suite 200<br>Washington, DC 20007-3683 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| James E Johnson<br>Virginia Johnson<br>11654 Plaza American Dr. #755<br>Reston, VA 20190 | Lafayette Federal Credit Union<br>2701 Tower Oaks Boulevard<br>Rockville, MD 20852-4235 | Lafayette Federal Credit Union<br>c/o Silverman Theologou, LLP<br>11200 Rockville Pike, Suite 520<br>N. Bethesda, MD 20852-7105 |
| Mach & Rico Floors<br>Samek & Flynn LLC<br>Roger C Samek Esq<br>2000 Tower Oaks Blvd., Suite 440<br>Rockville, MD 20852-4389 | Mach Rico Floors<br>6665 Old Dominion Dr<br>McLean, VA 22101-4518 | Mr. Cooper<br>800 State Hwy 121 Bypass<br>Lewisville, TX 75067-4180 |
| Nationstar Mortgage LLC<br>Aldridge Pite, LLP<br>Six Piedmont Center<br>3525 Piedmont Road, N.E., Ste 700<br>Atlanta, GA 30305-1608 | Nationstar Mortgage LLC<br>RAS Crane & Partners, PLLC<br>11900 Parklawn Drive<br>Suite 310<br>Rockville, MD 20852-2893 | (p)NATIONSTAR MORTGAGE LLC<br>PO BOX 619096<br>DALLAS TX 75261-9096 |

| | | |
|---|---|---|
| Nelnet<br>P.O. Box 82561<br>Lincoln, NE 68501-2561 | Newtek Small Business Finance<br>4800 T-Rex Avenue Suite 120<br>Boca Raton, FL 33431-4479 | Newtek Small Business Finance, LLC<br>Kutak Rock LLP<br>901 East Byrd Street<br>Suite 1000<br>Richmond, VA 23219-4071 |
| Newtek Small Business Finance, LLC<br>c/o Michael A. Condyles, Esq.<br>Kutak Rock LLP<br>901 E Byrd Street, Ste. 1000<br>Richmond, VA  23219-4071 | Oak Manor Home Owners Association<br>Chadwick, Washington, Moriarty, Elmore,<br>3201 Jermantown Road Suite 600<br>Fairfax, VA 22030-2879 | Oak Manor Homeowners Association<br>Chadwick, Washington, Moriarty<br>Elmore & Bunn, PC<br>3201 Jermantown Road, Suite 600<br>Fairfax, VA 22030-2879 |
| Office of the US Attorney<br>2100 Jamieson Ave<br>Alexandria, VA 22314-5794 | Offit Kurman, P.C.<br>7021 Gateway Drive, Suite 200<br>Columbia, MD 21046-2967 | Offitt Kurman<br>7021 Columbia Gateway Drive, Suite 200<br>Columbia, MD 21046-2967 |
| PESNER ALTMILLER MELNICK DEMERS & STEELE PLC<br>8000 Westpark Drive, Suite 600<br>McLean, VA 22102-3115 | Paul Riggs<br>36804 Sawmill Ln<br>Hillsbboro, VA 20132-2646 | Porcelainosa<br>600 Route 17 North<br>Ramsey, NJ 07446-2017 |
| Ras LaVrar<br>4012 Raintree Rd<br>Chesapeake, VA 23321-3741 | Regiane Coelho<br>1363 N 31st Apt 417<br>Philadelphia, PA 19121-4566 | Regiane Coelho<br>4701 Willard Ave., Apt. #1708<br>Chevy Chase, MD 20815-4634 |
| Regiane Coelho<br>Tyler, Bartl & Ramsdell, P.L.C.<br>300 N. Washington St., Suite 310<br>Alexandria, VA 22314-2530 | Safetypawz, LLC<br>11110 Sunset Hills Road #3260<br>Reston, VA 20195-8057 | Synchrony Bank<br>PO Box 965005<br>Orlando, FL 32896-5005 |
| Synchrony Bank<br>PO Box 965036<br>Orlando, FL 32896-5036 | Synchrony Bank<br>by AIS InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | TD Bank<br>13531 E Caley Ave<br>Englewood, CO 80111-6504 |
| Tenaglia & Hunt<br>9211 Corporate Blvd., Suite 130<br>Rockville, MD 20850-3873 | Truist Bank<br>Attn: Support Services<br>P.O. Box 85092<br>Richmond, VA 23286-0001 | Truist Bank<br>PO Box 1874<br>Wilson, NC 27894-1874 |
| U.S. Attorney Office<br>Courthouse Square<br>2100 Jamieson Avenue<br>Alexandria, VA 22314-5702 | US Department of Education<br>PO Box 7860<br>Madison, WI 53707-7860 | Valley View Exteriors<br>8381 Jill Brenda Court<br>Manassas, VA 20112-3569 |
| Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Wells Fargo<br>PO Box 14517<br>Des Moines, IA 50306-3517 | Wells Fargo Bank, N.A.<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 |

| | | |
|---|---|---|
| Witt & Co LLC<br>4445 CORPORATION LANE, STE 264<br>Virginia Beach, VA 23462-3671 | Woodbridge Glass<br>14312 Richmond Hwy<br>Woodbridge, VA 22191-2716 | Daniel M. Press<br>Chung & Press, P.C.<br>6718 Whittier Ave., Suite 200<br>McLean, VA 22101-4531 |
| James Johnson<br>11699 Bennington Woods Road<br>Reston, VA 20194-1613 | Marc Elliott Albert<br>Stinson LLP<br>1775 Pennsylvania Avenue, NW<br>Suite 800<br>Washington, DC 20006-4760 | Marcantonio W Barnes<br>10367 Gershwin Ct<br>Oakton, VA 22124-2547 |
| Matthew W. Cheney<br>Office of the U.S. Trustee - Region 4<br>1725 Duke Street<br>Suite 650<br>Alexandria, VA 22314-3489 | Virginia E Johnson<br>11699 Bennington Woods Road<br>Reston, VA 20194-1613 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Carter Bank & Trust<br>320 College Dr<br>Martinsville, VA 24112 | Nationstar Mortgage, LLC<br>c/o Nationstar Mortgage LLC<br>ATTN: Bankruptcy Dept.<br>PO Box 619096<br>Dallas, TX 75261-9741 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u) Nationstar Mortgage LLC | (du)Nationstar Mortgage LLC | (d)Nationstar Mortgage LLC<br>Robertson, Anschutz, Schneid, Crane<br>13010 Morris Road, Suite 450<br>Alpharetta, GA 30004-2001 |
| (d)Newtek Small Business Finance LLC<br>4800 T-Rex Avenue, Ste. 120<br>Boca Raton, FL 33431-4479 | (u)Regiane Coelho | End of Label Matrix<br>Mailable recipients    67<br>Bypassed recipients     5<br>Total                  72 |