Case 23-11190-KHK    Doc 153    Filed 07/30/25    Entered 07/30/25 10:09:19    Desc Main
                              Document           Page 1 of 10

**KUTAK ROCK LLP**
Michael A. Condyles (VSB No. 27807)
Craig B. Young (VSB No. 22633)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Ste. 810
Richmond, VA  23219
(804) 343-5227
*Counsel for Newtek Small Business Finance, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

IN RE:  MARCANTONIO W. BARNES,

         **Debtor.**                        Case No.  23-11190-KHK

                                                   Chapter 11

**OBJECTION OF NEWTEK SMALL BUSINESS FINANCE, LLC TO DEBTOR'S MOTION TO RECONSIDER ORDER DISMISSING CASE AND MEMORANDUM IN SUPPORT THEREOF**

Newtek Small Business Finance, LLC ("Newtek"), by counsel, hereby objects to Marcantonio W. Barnes's (the "Debtor") Motion to Reconsider Order Dismissing Case (the "Motion to Reconsider") filed at Docket No. 151.  In support of this objection, Newtek states as follows:

**JURISDICTION**

1.      This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §157.

2.      Venue lies properly in this Court pursuant to 28 U.S.C. §1409.

**BACKGROUND**

3.      The Debtor's Chapter 11 Plan Small Business Subchapter V (the "Plan") was filed on April 8, 2024 [Docket No. 100] and was confirmed by the entry of an Order Confirming Plan on May 17, 2024 [Docket No. 112].

4. After confirmation of the Plan, the Debtor defaulted under the Plan with respect to its obligations to Newtek, Carter Bank & Trust, certain real estate tax obligations and certain obligations to the Internal Revenue Service.

5. As a result of the foregoing defaults, Newtek filed its Motion to Dismiss or in the Alternative Convert Bankruptcy Case and Memorandum in Support Thereof (the "Motion to Dismiss") [Docket No. 135] on May 8, 2025.

6. On May 30, 2025, the Debtor filed its Response of Debtor to Motion to Convert or Dismiss [Docket No. 140].

7. On June 17, 2025, the Court held a hearing on Newtek's Motion to Dismiss. Before the commencement of the hearing, the Debtor made an oral motion to convert the case to chapter 7.

8. The Court denied the oral motion to convert and entered an order on June 25, 2025, granting Newtek's Motion to Dismiss and dismissed the bankruptcy case [Docket No. 148].

## STANDARD FOR GRANTING A MOTION TO RECONSIDER

9. Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Rule") incorporates Rule 59 of the Federal Rules of Civil Procedure ("Federal Rule") for purposes of allowing a judgment to be altered or amended.

10. Within the Fourth Circuit, the standard for allowing a judgment to be altered or amended has been set forth in *Pacific Insur. Co., v. American National Fire Insur. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In *Pacific Insur. Co.* the Court states:

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Lockheed Martin Corp., 116 F.3d at 112; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. (citations omitted) *Pacific Insur. Co.,* 148 F.3d at 403.

## OBJECTION

### I. The Debtor is Unable to Convert to Chapter 7 Pursuant to 11 U.S.C. § 1112(a) Because the Debtor is Not a "Debtor in Possession"

11. Pursuant to 11 U.S.C. § 1112(a)(1), the debtor may convert a case under chapter 11 to a case under chapter 7 unless, among other things, the debtor is not a debtor in possession.

12. The Debtor in the instant case is not a "debtor in possession" because the Debtor's Plan was confirmed on May 17, 2024. Once a plan of reorganization is confirmed, a debtor ceases to be a "debtor in possession." *See In re T.S.P. Indus., Inc.*, 117 B.R. 375, 377 (Bankr. N.D. Ill. 1990) ("[Upon confirmation] [t]he debtor is then no longer a debtor in possession. . . ."); *In re Marill Alarm Sys., Inc.*, 100 B.R. 606, 607 (Bankr. S.D. Fla. 1989) ("The Court finds, however, that once a plan of reorganization is confirmed the debtor loses its status as a debtor in possession and is therefore no longer entitled to an automatic conversion under § 1112(a)."); *In re Pero Bros. Farms, Inc.*, 91 B.R. 1000, 1001 (Bankr. S.D. Fla. 1988) ("[T]he debtor's statutory option under 11 U.S.C. § 1112(a) to convert this chapter 11 case to chapter 7 expired when this court entered the Confirmation Order. . . ."); *In re Grinstead*, 75 B.R. 2, 3 (Bankr. D. Minn. 1985) ("There is no debtor in possession status of a debtor post confirmation.").

13. In the Debtor's Motion to Reconsider, he argues that the Court erred in determining that the Debtor was not a "debtor in possession" and cites to *Abbott v. Blackwelder Furniture Co. of Statesville, Inc.*, 33 B.R. 399 (W.D.N.C. 1983).

3

14. *Abbott* is in the minority, however, for finding that a post-confirmation debtor is still a "debtor in possession," and the majority of courts have found that a post-confirmation debtor is *not* a "debtor in possession." *See In re Alabama Fuel Sales Co., Inc.*, 45 B.R. 365, 368 (N.D. Ala. 1985); *In re T.S.P. Indus., Inc.*, 117 B.R. 375 (Bankr. N.D. Ill. 1990); *In re Marill Alarm Sys., Inc.*, 100 B.R. 606 (Bankr. S.D. Fla. 1989) ; *In re Pero Bros. Farms, Inc.*, 91 B.R. 1000 (Bankr. S.D. Fla. 1988); *In re Grinstead*, 75 B.R. 2 (Bankr. D. Minn. 1985).

15. Since there is no controlling authority from the Fourth Circuit Court of Appeals or any District Courts within the Eastern District of Virginia addressing whether a debtor, after confirming a chapter 11 plan, is still a debtor in possession for purposes of applying § 1112(a)(1), this Court's adoption of the view taken by a majority of courts reviewing this issue cannot be considered to have been a clear error of law when making its ruling. Accordingly, the Debtor has failed to establish the existence of a clear error of law which meets the required standard for granting its Motion to Reconsider and its motion should therefore be denied.

**II.    The Debtor's Motion to Convert Must Have Been Filed and Served Under Bankruptcy Rule 1017**

16. On June 17, 2025, before the hearing on Newtek's Motion to Dismiss, the Debtor made an oral motion to convert the case to chapter 7.

17. Pursuant to Rule 1017(f)(2), conversion or dismissal under § 1112(a) shall be "on motion *filed and served* as required by Rule 9013" (emphasis added).

18. In this case, the Debtor made an oral motion to convert the case to chapter 7 and did not follow the required procedure of filing and service of a motion as required by Rule 1017(f)(2).

19. In fact, the Court in *In re West Pointe Ltd. P'ship*, 270 B.R. 481, 484 (Bankr. E.D. Mo. 2001) held that "under Section 1112(a) the ability of a post-confirmation debtor to convert

4

to chapter 7 is not an absolute right and must be prosecuted by means of a motion on notice to all creditors and parties in interest." Citing *In re T.S.P. Industries, Inc.*, 120 B.R. 107, 109 (Bankr.N.D.Ill.1990); *In re Roy Gooden Plumbing & Sewer Co., Inc.*, 156 B.R. 635, 637 (Bankr.E.D.Mo.1993); Fed. R. Bankr.P. 1017(f) and 9013; 7 Collier on Bankruptcy, ¶ 1112.02[6], page 1112–13 (15th Ed. Revised).

20. While it is Newtek's position that a post-confirmation debtor does not have a right to convert to chapter 7 under § 1112(a), even if the Court were to follow the minority of courts holding otherwise, as required by Rule 1017(f)(2), a request by a debtor to convert to a chapter 7 case under § 1112(a) may only be prosecuted by means of a filed and served written motion. *See In re West Pointe Ltd. P'ship*, 270 B.R. at 484.

21. In this instance, the Motion to Dismiss was filed on May 8, 2025, the Debtor's response was filed on May 30, 2025, and the hearing was held on June 17, 2025, more than a month after the Motion to Dismiss was filed. Despite having plenty of time to file a motion to convert to chapter 7 after the Motion to Dismiss was filed and prior to the hearing, the Debtor chose not to file such a motion and instead waited until just before the hearing on the Motion to Dismiss began to make its oral motion to convert.

22. For the foregoing reasons, the Debtor's oral motion to convert its case made just prior to the start of the hearing on the Motion to Dismiss does not comply with the requirements of Rule 1017(f)(2) and the Debtor's request for reconsideration should be denied.

**III.   There is No Evidence Presented by the Debtor that there are Assets for a Chapter 7 Trustee to Administer**

23. The Debtor next contends in his Motion to Reconsider that conversion, rather than dismissal, would have been in the best interests of the creditors and the estate.

5

24. The Debtor at the hearing, however, presented no evidence to show that there would be assets in the estate for a chapter 7 Trustee to administer.

25. Newtek also argues that all of the assets of the estate vested in the reorganized debtor upon confirmation, and if the case were converted to chapter 7, there would be no assets of the bankruptcy estate for the Trustee to administer. *See In re Sundale*, *Ltd.*, 471 B.R. 300, 306 (Bankr. S.D. Fla. 2012) ("However, I agree, as do other courts, that, in the absence of a plan provision to the contrary, conversion does not revest property in the estate that vested in the reorganized debtor upon confirmation."); *In re TSP Industries, Inc.*, 117 B.R. 375 (Bankr. N.D. Ill. 1990); *Carter v. Peoples Bank & Trust Co. (In re BNW, Inc.),* 201 B.R. 838 (Bankr. S.D. Ala. 1996).[1]

26. Therefore, if there are no assets of the bankruptcy estate for a chapter 7 Trustee to administer, there would be no benefit or purpose to convert the Debtor's case to chapter 7 rather than dismissing it. *In re West Pointe Ltd. P'ship*, 270 B.R. at 484-5.

27. Further, as the Court found at the hearing in support of its decision to dismiss the case instead of a conversion, even if it could be found the Debtor's assets revest in a chapter 7 estate, the Debtor's own liquidation analysis attached as Exhibit A to the Plan states that "after payment of secured, priority and administrative claims, there would be no distribution to unsecured creditors in a Chapter 7 liquidation." *See Plan* at p. 9. In addition as the Court also found in support of its ruling, no assets would exist for a chapter 7 trustee to prosecute the Monarch litigation that the Debtor asserts should be pursued.

---

[1] Citing *In re TSP Industries, Inc.* as support for its argument that the Motion to Dismiss should be denied and neither conversion nor dismissal granted, the Debtor asserted in its response to the Motion to Dismiss the very argument presented here that the Debtor's assets will not revest in a chapter 7 estate. The Debtor is therefore estopped from arguing inconsistent positions as it does now in the Motion to Reconsider that a conversion of the case to chapter 7 is warranted on the basis that the assets do in fact revest in a chapter 7 estate.

28. As the chapter 7 liquidation analysis reflects, however, even if the Monarch claim could somehow be pursued by a chapter 7 trustee, the $200,000 recovery,[2] which amount is before expenses of litigation, would be used only to pay priority claims, with no recovery to unsecured creditors. As a result, a chapter 7 trustee would have no incentive to pursue the Monarch litigation, even assuming a litigation funding source was available.

29. In considering a motion to alter or amend a judgment, a movant requesting reconsideration cannot seek to produce new evidence, but must rely on the record created at the hearing and instead establish under Federal Rule 59 the existence of "new evidence not available at trial" as a basis for its motion to be granted. *Pacific Insur. Co.,* 148 F.3d at 403.

30. In this instance, the Debtor has failed to present any "new evidence not available at trial" that justifies the granting of its Motion to Reconsider.

**IV. Conversion to Chapter 7 is Not in the Best Interests of Creditors**

31. Section 1112(b)(1) states that the court shall convert a chapter 11 case to a case under chapter 7 or dismiss a case, whichever is in the best interests of creditors and the estate.

32. Newtek asserts that it would not be in the best interests of the creditors to convert the case to a chapter 7 liquidation. As set forth above, and as the Court found in connection with the hearing on the Motion to Dismiss, there would be no assets for a chapter 7 Trustee to administer.

33. Further, creditors, including Newtek, negotiated with the Debtor in connection with the Plan to effectuate compromises and agreements with respect to outstanding debts that the Debtor owed creditors. As the Court found in support of determining not to convert the case,

---

[2] The $200,000 value of the Monarch claims is based on the figure provided by the Debtor in his schedules and the liquidation analysis accompanying the Plan. No evidence was presented at the hearing on the Motion to Dismiss that supports the $320,000 value asserted in the Motion to Reconsider or the $160,000 "settlement value" also asserted therein.

7

4936-3773-8303.1

Newtek's Plan negotiations with the Debtor included a provision not available to other creditors that Newtek's claims would not be discharged until the obligations were repaid in full. A conversion to chapter 7 may thwart this provision based on the Debtor's contention that Newtek's claims can be discharged in a converted chapter 7 case.

34. As a result, it would be unfair, and not in the best interests of creditors, for the Debtor to undo the negotiations and promises made to creditors under the Plan by simply converting to chapter 7 and seeking to absolve himself of all obligations under the Plan.

35. The reason the Debtor asserted at the hearing to convert its case to chapter 7 over a dismissal is his contention that dismissal would prevent him from refiling another chapter 7 to receive a discharge of its Plan obligations for 8 years, while a conversion would entitle him to an immediate discharge under § 727(a)(8). If the Debtor's interpretation of § 727(a)(8) is correct, however, granting the Debtor such a discharge by converting the case instead of dismissing it certainly is not in the best interest of his creditors and only benefits him to the detriment of all creditors. This is even more particularly true here where there is no indication there will be any assets available to be administered for the benefit of such creditors and, as an attorney with a history of earning over $500,000 a year as reflected in his Income/Expense Assumption Sheet attached with the Exhibit A to the Plan, the Debtor's creditors will have a much greater ability to receive from the Debtor's earnings outside of bankruptcy a recovery than if the case is converted.

36. Further, the Debtor has failed to state any grounds in his Motion to Reconsider that meet the standard prescribed by the Fourt Circuit in *Pacific Insur. Co.,* 148 F.3d at 403 that creates a basis for this Court to determine that it erred in any way by finding that it was in the best interest of the Debtor's creditors and the estate to dismiss the case instead of a conversion, and the motion should therefore be denied.

**WHEREFORE**, Newtek respectfully requests that the Court deny the Debtor's Motion to Reconsider and grant such further relief as may be deemed appropriate.

Dated: July 30, 2025                              **NEWTEK SMALL BUSINESS FINANCE, LLC**


By: */s/ Michael A. Condyles*
                                                                    Counsel

---

**KUTAK ROCK LLP**
Michael A. Condyles (VSB No. 27807)
Craig B. Young (VSB No. 22633)
Haley K. Magel (VSB No. 100444)
1021 East Cary Street, Ste. 810
Richmond, VA  23219
(804) 343-5227
*Counsel to Newtek Small Business Finance, LLC*

# **CERTIFICATE OF SERVICE**

  Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that on July 30, 2025 I served a copy of this document via CM/ECF or by first class mail, postage prepaid on the following necessary parties as follows:

Daniel Press, Esq.
Chung & Press, P.C.
6718 Whittier Avenue, Ste. 200
McLean, VA  22101
 *Counsel to the Debtor*

Marc Elliott Albert, Trustee
Stinson LLP
1775 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006

Jack Frankel, Esq.
Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Peter M. Pearl, Esq
Bryson J. Hunter, Esq.
Timothy J. Lovett, Esq.
Spilman Thomas & Battle, PLLC
P. O. Box 90
Roanoke, Virginia 24002-0090
 *Counsel to Carter Bank & Trust*

              /s/ *Michael A. Condyles*
                 Counsel

4936-3773-8303.1