Peter M. Pearl, Esquire (VSB #22344)
Bryson J. Hunter (VSB #46988)
Timothy J. Lovett (VSB #97438)
Spilman Thomas & Battle, PLLC
P. O. Box 90
Roanoke, Virginia 24002
Telephone: (540) 512-1832
Facsimile: (540) 342-4480
ppearl@spilmanlaw.com
bhunter@spilmanlaw.com
tlovett@spilmanlaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **In re:** | **Chapter 11 (Subchapter V)** |
| **MARCANTONIO W. BARNES,** | **Case No. 23-11190** |
| **Debtor**. | |

**CARTER BANK & TRUST'S RESPONSE AND**
**MEMORANDUM IN OPPOSITION TO DEBTOR'S**
**MOTION TO RECONSIDER ORDER DISMISSING CASE**

Carter Bank & Trust (the "Bank"), by counsel, responds in opposition to the *Motion to Reconsider Order Dismissing Case* (the "Motion") [ECF No. 151] filed by Marcantonio W. Barnes ("Debtor").  In support thereof, the Bank states as follows:

**Jurisdiction**

1. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §157.

2. Venue lies properly in this Court pursuant to 28 U.S.C. §1409.

**Procedural History**

3. On July 25, 2023, Debtor initiated this bankruptcy case by filing a voluntary petition pursuant to Subchapter V of chapter 11 of title 11 of the United States Code.

4. On May 17, 2024, the Court entered the *Order Confirming Plan* [ECF No. 112], confirming the *Plan of Reorganization for Small Business Under Chapter 11* [ECF No. 100] filed by the Debtor with some modifications.

5. On June 17, 2025, the Court held a hearing on the *Motion to Dismiss or in the Alternative Convery Bankruptcy Case and Memorandum in Support Thereof* [ECF No. 135] filed by Newtek Small Business Finance, LLC. Appearing at the hearing were counsel for the Debtor, the Bank, Newtek, the Subchapter V Trustee, and the United States Trustee. At the hearing, Debtor made an oral motion to convert his case to one under chapter 7. After arguments by counsel and questions by the Court, the Court ruled that dismissal was appropriate and preferred over conversion.

6. On June 25, 2025, the Court entered the *Order Dismissing Debtor's Chapter 11 Bankruptcy Case* (the "Order") [ECF No. 148].

7. On July 9, 2025, Debtor filed the Motion.

**Argument**

8. Debtor moves for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 59, incorporated by Federal Rule of Bankruptcy Procedure 9023. In the Fourth Circuit, there are three recognized grounds for amending or altering a judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *In re Enviva Inc.*, 2024 WL 3285781, at *4 (Bankr. E.D. Va. July 2, 2024) (quoting *Braunstein v. Pickens*, 406 Fed. App'x. 791, 798 (4th Cir. 2011)). Reconsideration is "'an extraordinary remedy which should be used sparingly.'" *Id.* (quoting *In re Mitrano*, 409 B.R. 812, 820 (E.D. Va. 2009)).

9. Debtor's Motion cites no intervening change in controlling law or new evidence not available at trial. Debtor relies, instead, on (1) the Court's ruling on Debtor's oral motion at the hearing to convert his case and (2) the Court's finding that dismissal, rather than conversion, was in the best interests of the creditors and the estate. Motion ¶¶ 2–3. Debtor argues that the Court's finding that he was no longer a debtor in possession under the Bankruptcy Code was in error, but does not seemingly argue that the Court's finding of dismissal rather than conversion being in the best interests of creditors and the estate was a clear error of law. *Id.*

10. Debtor's Motion is improper as he seeks to relitigate the Court's decisions upon which he was given opportunity to argue. *In re Local Commc'ns Network, Inc.*, 2008 WL 52865, at *1 (Bankr. E.D. Va. Jan. 2, 2008) ("A Rule 59(e) motion is not proper, however, if it simply reiterates arguments already made and considered."); *Crosswhite v. E.I. Dupont de Nemours and Co.*, 1990 WL 15686, at *1 (4th Cir. Feb. 12, 1990) (quoting *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977)) ("'Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.'"); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) ("[P]laintiff simply reargued its previous argument. Perhaps its new brief was better than its former brief but that is not significant. Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought through—rightly or wrongly"). At the hearing, Debtor made the argument that he was entitled to convert as a debtor-in-possession and that conversion was preferable to dismissal. The Court heard his arguments and those of opposing counsel, briefly adjourned the hearing for consideration, and made findings and a ruling on the record. Since Debtor's bases for reconsideration are the same arguments made and considered at the hearing, relief pursuant to Rule 59 is not appropriate. Instead, Debtor, being displeased, could have availed

3

himself of the proper avenue for challenging the Court's decisions: timely appeal pursuant to Federal Rule of Bankruptcy Procedure 8003.

11.     The Bank further joins in and agrees with the arguments brought by Newtek Small Business Finance, LLC in its *Objection of Newtek Small Business Finance, LLC to Debtor's Motion to Reconsider Order Dismissing Case and Memorandum in Support Thereof* [ECF No. 153].

**WHEREFORE**, the Bank respectfully requests that the Court deny Debtor's request for reconsideration.

Dated July 30, 2025                                    Respectfully submitted,

                                                       CARTER BANK & TRUST

                                                       By: /s/ Bryson J. Hunter
                                                              Of Counsel

Peter M. Pearl, Esquire (VSB #22344)
Bryson J. Hunter (VSB #46988)
Timothy J. Lovett (VSB #97438)
Spilman Thomas & Battle, PLLC
P. O. Box 90
Roanoke, Virginia 24002-0090
Telephone: (540) 512-1832
Facsimile: (540) 342-4480
ppearl@spilmanlaw.com
bhunter@spilmanlaw.com
tlovett@spilmanlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of July, 2025, a true and correct copy of the foregoing was delivered by electronic means to all parties who receive notice in this case pursuant to the Court's CM/ECF system, and by first-class mail, postage pre-paid, to:

| | |
|---|---|
| Daniel Press, Esq.<br>Chung & Press, P.C.<br>6718 Whittier Avenue, St. 200<br>McLean, VA 22101<br>*Counsel to the Debtor* | Marc Elliott Albert, Trustee<br>Stinson LLP<br>1775 Pennsylvania Avenue, NW, Ste. 1800<br>Washington, DC 20006 |
| Marcantonio W. Barnes<br>10367 Gershwin Court<br>Oakton, VA 22124 | Michael A. Condyles, Esq.<br>Kutak Rock LLP<br>1021 East Cary Street, Ste. 810<br>Richmond, VA 23212<br>*Counsel for Newtek* |
| Marcantonio W. Barnes<br>10590 Beach Mill Road<br>Great Falls, VA 22066 | |
| Jack Frankel, Esq.<br>Office of the U.S. Trustee<br>1725 Duke Street, Suite 650<br>Alexandria, VA 22314 | |

                                                      /s/ Bryson J. Hunter
                                                                 Counsel